# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LAVERN BERRYHILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 14-129-RAW-SPS |
| | ) | |
| **SCOTT PRUITT, et al.,** | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION AND ORDER
## DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff Lavern Berryhill, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, has filed yet another civil rights lawsuit concerning the alleged "state race hate conspiracy judicial kidnap" he has raised in numerous previous cases. The defendants are Oklahoma Attorney General Scott Pruitt, the OSP Health Administrator, all OSP nurses, the private company that employs OSP nurses, all OSP food service personnel, Oklahoma Governor Mary Fallin, all justices and judges of the Oklahoma Supreme Court and the Oklahoma Court of Criminal Appeals, Oklahoma County District Attorney David Prater, Oklahoma County District Judge Bryan C. Dixon, the State of Oklahoma, Oklahoma County, Oklahoma City, the CEO and Board of Directors of Homeland Corporation, and the CEO and Board of Directors of Skaggs-Albert Corporation.

As he has claimed in the past, plaintiff maintains he never was charged with or convicted of any crime, and for more than 40 years the State of Oklahoma has been misinterpreting the Oklahoma Statutes. He again alleges a vast conspiracy by the defendants to judicially kidnap him, sabotage his appeal, and force him into more than 24 years of

involuntary servitude. He asserts his appellate brief never was filed, and his earned credits have been taken through fabricated misconduct reports since 1997. In addition, he alleges the Governor of Oklahoma commuted his 20-year sentence, but the defendants have not honored the commutation of sentence.

Plaintiff also complains that the OSP Health Administrator, nurses, the nurses' employer, and the food services personnel have been depriving him of his double portions of food and a snack sack prescribed by Dr. Marlar. He claims the snack sacks contain a small snack to eat when he takes his medication to prevent stomach problems.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*. A review of his litigation history, however, indicates he has accumulated at least three prior civil rights actions that count as "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm.

28 U.S.C. § 1915(g).

The record shows that plaintiff has filed at least four civil rights actions in this court that qualify as "strikes" under 28 U.S.C. § 1915(g), because those cases were dismissed as frivolous and malicious: *Berryhill v. Evans*, No. CIV-10-126-RAW-SPS (E.D. Okla. June 14, 2010) (Attachment 1 to this Opinion and Order); *Berryhill v. Seay*, No. CIV-10-151-JHP-SPS (E.D. Okla. May 10, 2010) (Attachment 2); *Berryhill v. White*, No. CIV-10-176-JHP-SPS (E.D. Okla. June 7, 2010) (Attachment 3); and *Berryhill v. Payne*, No. CIV-10-188-JHP-SPS (E.D. Okla. June 15, 2010) (Attachment 4).

In an attempt to avoid the consequences of his litigious past, the caption to plaintiff's complaint states he is in imminent danger of serious physical harm as follows:

> Clearly this affidavical [sic] complaint dictates that 13th Amend. involuntary servitude slave labor for over 24 years is an imminent danger claim of 42 U.S.C. § 1985(c) KKK Act race hate judicial kidnap for over 24 years are clearly demonstrations of imminent danger . . . . Also, plaintiff's imminent danger claim is combined with the nurses and food service and health administrator depriving me of my food that their dr's [sic] prescribed for me, a deliberate indifference to my serious medical needs and without the food the meds eats on my insides . . . and is severely painful.

(Docket No. 1 at 14). After careful review of plaintiff's motion and his complaint, however, the court finds he has not demonstrated he actually is in imminent danger of serious physical injury and that he qualifies for the exception in 28 U.S.C. § 1915(g).

**ACCORDINGLY,** plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is DENIED. Plaintiff is directed to forward the **$350.00** filing fee to the Court Clerk within twenty (20) days. The agency having custody of plaintiff is ordered to release funds from plaintiff's accounts, including plaintiff's trust account, for payment of the filing fee. Failure to pay the entire filing fee or to show cause for failure to pay the fee will result in dismissal of this action.

**IT IS SO ORDERED** this 10th day of April 2014.

**Dated this 10th day of April, 2014.**

*[signature: Ronald A. White]*

Ronald A. White
United States District Judge
Eastern District of Oklahoma